EASTERN DIST.
*February*, 1858.

BABIN
*vs.*
BROSSET.

B forfeits a sum already paid, if he fails to comply with his part of the covenant, *i. e.*, pay the price: *Held*, that it was the duty of A, first to show that his titles were good, and free from incumbrance, before he could call on B for payment, or for a tender or consignment of the money and notes set out in the contract.

BABIN *vs.* BROSSET.

11 L 557
50 399

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

The wife may alienate her paraphernal property, with the consent of her husband; but if the husband has received, individually, the *amount* of the paraphernal property thus alienated, the wife has a legal mortgage *on all his* property, for reimbursement.

Where a sum of money was received by the husband and wife, *jointly*, during marriage, which constituted her paraphernalia, and there is no evidence that the money thus received was converted to his *individual use*, the wife has no legal mortgage on her husband's property.

This is an action for a separation of property between husband and wife.

EASTERN DIST.    The plaintiff alleges, that in December, 1831, she was
*February*, 1838. married to the defendant, and at the time, she was possessed
BABIN      of, and brought into the support of the marriage, as her
*vs.*
BROSSET.   separate and dotal property, the sum of two thousand and
sixteen dollars in cash, which was paid to *her and her husband*,
by her tutor. She further states, that her husband's pecu-
niary affairs have become very much embarrassed, and she is
in danger of losing her dotal rights; wherefore, she prays to
be separated in property from her husband, and that she have
judgment for two thousand and sixteen dollars, with a legal
mortgage on all his property, for the restitution of this sum.

The plaintiff had judgment separating her in property and
goods from her husband, and against him for two thousand
one hundred and thirty-nine dollars, without mortgage; and
she appealed.

*Edwards*, for the plaintiff.

1. The judgment of the District Court is erroneous, and
should be reversed, because it does not recognize and decree a
legal mortgage to the wife, for the restitution of her dotal
and paraphernal effects.

2. It was shown that the paraphernal effects of the wife
sued for, consisted in money, which was received *during*
marriage, for the replacing of which, she has a legal mort-
gage on all the property of her husband. *Louisiana Code*,
2367, 3287. 3 *Martin, N. S.*, 239. 7 *Louisiana Reports*, 292.

*Labauve*, for defendant, contended, that the wife had no
legal mortgage on the property of her husband, in this case.
She has not brought her case within the law, because it is not
shown that the husband received and used her paraphernalia
for his individual benefit.

*Bullard, J.*, delivered the opinion of the court.

In this case, the only question presented for our solution
is, whether the plaintiff has a legal mortgage on the property
of her husband for an amount of money received by them

jointly, during marriage ; which, it is not denied, constitutes her paraphernalia.

The Louisiana Code, article 2367, provides, that the wife may alienate her paraphernal property, with the consent of her husband; but should it be proved that the husband has received the amount of the paraphernal property thus alienated, or otherwise disposed of the same for *his individual interest,* the wife shall have a legal mortgage on all the property of her husband for the reimbursing of the same.

The wife has the administration of her paraphernalia, and if she has confided it to her husband, she may resume it during marriage. There is no evidence that the sum received has been converted to the individual use of the husband; and we, therefore, think the wife has failed to bring her case within the article relied on.

The case of Robin *vs.* Castille, which has been cited, has no analogy to the present. In that case, we held, that money received by the husband during marriage, on account of his wife, was her separate property; and that her heirs, on the dissolution of the community, might recover it without waiting for a final settlement of the community. *7 Louisiana Reports,* 292.

The wife, in our opinion, acquired no separate title by the sheriff's sale, which is relied on. The community still existed, and such a sale cannot be construed to be a replacing of her paraphernal effects, by contract with her husband, according to a just interpretation of *article* 2421 of the *Louisiana Code.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

EASTERN DIST.
*February,* 1838.

BABIN
*vs.*
BROSSET.

The wife may alienate her paraphernal property, with the consent of her husband; but if the husband has received individually the amount of the paraphernal property thus alienated, the wife has a legal mortgage on all his property for reimbursement.

Where a sum of money was received by the husband and wife *jointly* during marriage, which constituted her paraphernalia, and there is no evidence that the money thus received was converted to his *individual use,* the wife has no legal mortgage on her husband's property.